UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DERRICK CARL ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>HUMBOLDT COUNTY, et al.,<br><br>Defendants. | Case No.  23-cv-02421-RMI<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

It appears that Plaintiff has abandoned this case. Since filing his claim in May of 2023, Plaintiff has failed to reply to motions, has not appeared at hearings, has not participated in the case management conference, and has violated Federal and local rules and this court's orders—including an order to show cause why this case should not be dismissed. Plaintiff has not responded to this court's repeated attempts to engage Plaintiff in his own litigation. As such, pursuant to Federal Rule Civil Procedure 41(b), this court has no recourse but to dismiss this action with prejudice for failure to prosecute.

## BACKGROUND

On May 17, 2023, Plaintiff filed this action against Defendants alleging violation of 42 U.S.C § 1983 for false arrest and malicious prosecution. Compl. (Dkt. 1) at 4-5. The parties consented to this court's jurisdiction (dkt. 6, 13) and in early August, Defendants filed a motion to dismiss for failure to state a claim. Defs.'s Mot. (Dkt. 14). The deadline for Plaintiff's response came and went. At the hearing on Defendants' motion, held on September 12, Plaintiff did not

2 of 5

United States District Court
Northern District of California

1    appear.

2          As far as the court can surmise, Plaintiff's last interaction with this case was a phone call

3    with Defendants' attorney on August 8 to conduct the Rule 26(f) conference. (Dkt. 18) at 1.

4    Plaintiff expressed that he would review and provide additions to the joint case management

5    statement prepared by Defendants. *Id.* However, Plaintiff did not contact Defendants to provide

6    revisions and has not been heard from since. Defendants' attorney emailed Plaintiff twice, on

7    August 16 and 21, to no avail. *Id.* at 2. In the end, Defendants were left with no option but to

8    submit a separate case management statement after they were  unable to contact Plaintiff.[1] *Id.*

9          Given Plaintiff's apparent abandonment, the court issued an order to show cause on

10   September 12, setting a hearing for September 19 and ordering Plaintiff to appear and show cause

11   as to why this case should not be dismissed for failure to prosecute and failure to comply with

12   court orders. (Dkt. 20). Plaintiff did not respond to the court's order, nor did he appear at the show

13   cause hearing. Ultimately, the court has seen neither hide nor hair of Plaintiff since he consented

14   to jurisdiction four months ago.

15                                    **DISCUSSION**

16         The court has the "inherent power" to control its docket and may "impose sanctions,

17   including dismissal, in the exercise of that discretion." *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th

18   Cir. 1992). Further, pursuant to Rule 41(b), dismissal with prejudice is appropriate when a

19   plaintiff fails to prosecute an action. Fed. R. Civ. P. 41(b). The court must weigh five factors

20   before dismissing for failure to prosecute: "1) the public's interest in the expeditious disposition of

21   cases; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the

22   judicial policy favoring disposition of cases on their merits; and 5) the availability of a less drastic

23   sanction." *Moshin v. Cal. Dept. Water Resources*, 52 F. Supp. 3d 1006 (9th Cir. 2014) (citing

24   *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Although dismissal is a harsh

25   penalty and should not be imposed unless "extreme circumstances" exist (*Thompson v. Housing

26   Authority*, 782 F.2d 829, 831 (9th Cir. 1986)), it is appropriate when a plaintiff unduly delays

27

28   _____
     [1] Federal Rule 26(f) and Civil Local Rule 16-3 require Plaintiff to participate in the joint case
     management statement.

1    prosecution. *Yourish*, 191 F.3d at 990 (9th Cir. 1999) (upholding dismissal with prejudice where

2    Plaintiff failed to move litigation forward for four months). Dismissal is appropriate "where at

3    least four factors support dismissal…or where at least three factors 'strongly' support dismissal."

4    *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

5    The court notes, at the outset, that "the public's interest in expeditious resolution of

6    litigation always favors dismissal." *Yourish*, 191 F.3d at 990. The second factor also supports

7    dismissal as Plaintiff's inaction impairs the court's ability to manage its docket. *See e.g., id.*

8    (finding the second factor "strongly favor[s]" dismissal when Plaintiff's failure to timely amend

9    complaint brought "the action to a complete halt" and allowed plaintiffs "to control the pace of the

10   docket rather than the court."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting

11   that a court must be able to manage its docket "without being subject to the routine noncompliance

12   of litigants"). Here, the court is stalled without Plaintiff's participation, and, apart from dismissal,

13   can take no action to dispose of this case.

14   The third factor, prejudice to defendants, also weighs in favor of dismissal. A plaintiff's

15   actions prejudice defendants when they "impair … the ability to go to trial or threaten the rightful

16   decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Prejudice to

17   defendants is presumed when a plaintiff unreasonably delays prosecution. *Anderson v. Air West*,

18   542 F.2d 522, 524 (9th Cir. 1976).  Moreover, prejudice to the defendant is analyzed in relation to

19   the reason given by the plaintiff for their failure to prosecute. *Pagtalunan*, 219 F.3d at 642. When

20   a plaintiff offers "no clear explanations" for their failure to prosecute, courts find prejudice exists.

21   *Id.* (finding prejudice to defendants, who had yet to appear in the action, when Plaintiff did not

22   offer clear explanations for delay).

23   Here, Plaintiff's failure to act has prejudiced Defendants, who, in compliance with this

24   court's orders, have been preparing for and investing resources in defending against Plaintiff's

25   claims. Defendants have repeatedly tried to contact Plaintiff to meet the court's deadlines,

26   appeared at in-person hearings at the courthouse, and presented the court with robust filings in

27   defense of Plaintiff's allegations—all without reciprocal action by Plaintiff. Moreover, as Plaintiff

28   continues to delay, prejudice increases, for the events at issue become more remote and the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    evidence "become[s] stale, or witness's memories [] fade or be[come] unavailable." *Martinez*, at 2

2    (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)). Finally, Plaintiff has offered no "clear

3    explanations" for his failure to participate—indeed, Plaintiff has offered no explanations at all.

4    Thus, the third factor weighs in favor of dismissal.

5           Public policy favors disposition of cases on their merits, and this fourth factor always

6    weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). However, by

7    itself, it does not outweigh the other four factors. *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th

8    Cir. 1987).

9           Finally, the availability of other sanctions, the fifth factor, weighs in favor of dismissal.

10   The court must consider less drastic alternatives before imposing a sanction of dismissal, but

11   "need not exhaust every sanction short of dismissal before finally dismissing a case." *Henderson*

12   *v. Duncan*, 779 F.2d 1421 (9th Cir. 1986) (citing *Nevijel v. North Coast Life Insurance Co.*, 651

13   F.2d 671, 674 (9th Cir. 1981). Where the Plaintiff has been warned that failure to comply with a

14   court order will result in dismissal, the fifth factor is satisfied. *Malone*, 883 F.2d at 113 (noting

15   that Rule 41(b) expressly states that failure to prosecute or to comply with local rules or court

16   orders will result in dismissal with prejudice).

17          Here, Plaintiff was notified that his inaction would lead to dismissal—that was precisely

18   the purpose of this court's order to show cause. Additionally, any other sanction would be

19   ineffectual; the court cannot sanction an absent Plaintiff with warnings or reprimands. Dismissal is

20   appropriate.

21          In short, Plaintiff has failed to participate in preparation of the joint case management

22   statement in violation of Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-3; he has

23   failed to respond to Defendants' Motion to Dismiss; he has failed to appear at two subsequent

24   hearings, including the hearing to show cause as to why this matter should not be dismissed, all in

25   violation of this court's orders. Plaintiff has failed to prosecute this action and has abandoned this

26   case.

27

28

**CONCLUSION**

Accordingly, this case is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b). A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: 10/10/2023

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

5